# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JENKINS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>VICTORVILLE SUPERIOR COURT,<br><br>　　　　Respondent. | Case No. 5:21-cv-00106-AB-SP<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.
## INTRODUCTION

On January 15, 2021, petitioner Raymond Jenkins, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") under 28 U.S.C. § 2254. Petitioner challenges his 2020 conviction for rape in San Bernardino County Superior Court. He asserts a single ground for habeas relief, namely, that the accusation against him was false.

On February 12, 2021, the Court issued an Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust and Pending State Appeal, as Well as Failure to Name a Proper Respondent ("OSC"). The Court noted that petitioner effectively admitted he has not exhausted his state remedies for the one ground raised in

the Petition. He also indicated in the Petition that an appeal from his conviction was currently pending before the California Court of Appeal, which the Court noted could moot the instant Petition. Finally, the Court noted that a § 2254 habeas petition must name as respondent the state officer who has custody of the petitioner. The Court ordered petitioner to respond to the OSC by March 15, 2021, and provided him with a list of options he could exercise in response.

On March 26, 2021, petitioner filed a notice of change of address in which he stated he received a copy of the OSC on March 22, 2021, after the deadline to respond, and asked for more time to respond to the OSC. To date, however, petitioner has never responded to the OSC.

After careful review and consideration, the Court finds the Petition is fully unexhausted. The Petition is also defective because petitioner did not name a proper respondent. Consequently, the Court dismisses the Petition without prejudice.

## II.
## **BACKGROUND**

In June 2020, petitioner entered a no contest plea to one count of rape with an enhancement for great bodily injury, in violation of California Penal Code §§ 261(a)(2) and 12022.7. See Pet. at 2; *People v. Jenkins*, 2021 WL 210456, at *1 (Cal. Ct. App. Jan. 21, 2021).[1] The trial court sentenced him to 11 years in prison. *Id.*

Petitioner appealed his conviction to the California Court of Appeal. Pet. at 5; *People v. Jenkins*, case no. E075520 (Cal. Ct. App.). He filed the instant federal Petition on January 15, 2021, while his appeal was still pending. Six days later, on January 21, 2021, the California Court of Appeal affirmed the judgment. *Jenkins*, 2021 WL 210456, at *2; *Jenkins*, case no. E075520.

---

[1] The Court takes judicial notice of the state appellate docket and decision. See Fed. R. Evid. 201(b). The Court of Appeal's unpublished decision is found on Westlaw, and the docket in appellate case number E075520 is found online in the Appellate Courts Case Information at https://appellatecases.courtinfo.ca.gov/.

There is no evidence in the record that petitioner ever filed a petition for review in the California Supreme Court or a state habeas petition. A search of the online Appellate Courts Case Information also shows that petitioner did not file a petition for review in the California Supreme Court, and never filed a habeas petition in the California Court of Appeal or California Supreme Court. It appears petitioner did appeal a June 2022 order of the trial court, which the Court of Appeal dismissed as untimely in case number E080393.

## III.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because, as discussed below, it is unexhausted and does not name a proper respondent.

**A.     The Petition's Sole Claim Is Unexhausted**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the

California Supreme Court. *See id.* (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).

Here, petitioner has not exhausted his sole claim in the state courts. He admits in the Petition he had not filed a petition for review or any habeas petition by the time he filed the instant Petition. *See* Pet. at 3. Although the California Court of Appeal has since issued a decision affirming the judgment, petitioner did not seek review of that decision in the California Supreme Court, nor has he filed a state habeas petition in the California Supreme Court. The Petition therefore must be dismissed as fully unexhausted. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)).

**B.**     **The Petition's Failure to Name a Proper Respondent Destroys Personal Jurisdiction**

A habeas petition filed under 28 U.S.C. § 2254 by a petitioner who is currently in custody under a state court judgment must name as respondent the state officer who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, "[t]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld*, 542 U.S. at 435; *accord Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (proper respondent to habeas petition "typically is the warden of the facility in which the petitioner is incarcerated" (citation omitted)). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation omitted); *see Stanley*, 21 F.3d at 360.

Although petitioner was incarcerated at North Kern State Prison at the time he filed the Petition, later moved to Chuckawalla Valley State Prison, and appears now to be at

4

the California State Prison at Corcoran, he did not name the warden of any of these institutions as respondent.  Instead, he named Victorville Superior Court as respondent.  This matter could be easily remedied; however, petitioner failed to do so even after the Court advised him of this in the OSC.  As such, petitioner has deprived the Court of personal jurisdiction over this matter.  The Petition must be dismissed for this reason as well.

### IV.
### CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action without prejudice.

Dated: <u>July 21, 2023</u>

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE